Matthew S. Bellinger (Bar No. 222228)
matt.bellinger@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Hans L. Mayer (Bar No. 291998)
hans.mayer@knobbe.com
Matthew J. Petersen (Bar No. 347095)
matthew.petersen@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
1925 Century Park E, Ste 400
Los Angeles, CA 90067
Phone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Plaintiff,
**ORANGE BANG, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ORANGE BANG, INC., a California corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>MARK ANTHONY INTERNATIONAL SRL, a Barbados society with restricted liability,<br><br>      Defendant. | Case No. **<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND CANCELLATION OF TRADEMARK REGISTRATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Orange Bang, Inc. ("Plaintiff" or "OBI") files this Complaint against Defendant Mark Anthony International SRL ("Defendant") and alleges as follows:

## THE PARTIES

1.    OBI is a corporation organized and existing under the laws of the State of California, having a principal place of business at 13115 Telfair Avenue, Sylmar, California 91342.  OBI was founded in 1971 in Southern California.  For more than four decades, OBI has marketed and sold beverages under its OLÉ® brand.

2.    Mark Anthony International SRL is a society with restricted liability existing under the laws of Barbados, having a principal place of business at "One Haggatt Hall" Haggatt Hall, St. Michael, Barbados BB11059.

3.    Defendant is a large, international beverage conglomerate.  It owns a variety of beverage brands, such as White Claw and Mike's Hard Lemonade.  Recently, in disregard of OBI's trademark rights, Defendant began marketing and selling OLÉ branded cocktail and mocktail drinks to customers in California and surrounding states.

## JURISDICTION AND VENUE

4.    This is an action for 1) trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1125(a); 2) trademark infringement under 15 U.S.C. § 1114; 3) cancellation of U.S. Trademark Registration No. 7,874,013 under 15 U.S.C. § 1119; 4) unfair competition under California Business & Professions Code §§ 17200, *et seq.*; and 5) unfair competition under California common law.

5.    The Court has original subject matter jurisdiction over the federal claims that relate to trademark infringement, false designation of origin, unfair competition, false designation of origin, and cancellation of Defendant's trademark registration pursuant to 15 U.S.C. §§ 1116 and/or 1121(a), and pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint which

arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.    This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has committed acts of trademark infringement, false designation of origin, and unfair competition in this Judicial District, including, but not limited to, using the infringing marks in connection with the sale, advertisement, marketing, and promoting of Defendant's goods in California, including in this Judicial District.

7.    Upon information and belief, Defendant is responsible for operating the website www.olecocktails.com, which includes an option for users to select the United States as their location, and on which Defendant advertises for sale products in connection with the infringing marks to consumers in the United States, including this Judicial District.

8.    Defendant's products offered under the infringing marks are available for purchase at numerous retail stores located within this Judicial District, including Ralphs, Vons, Albertsons, Total Wine & More, and Costco, among other stores.  Defendant's www.olecocktails.com website includes a "FIND OLÉ" page that identifies stores, including those identified above, where Defendant's products offered under the infringing marks are available for purchase in this Judicial District.  Defendant also markets on its social media websites, including Instagram, that its products are available for purchase at retailers located in this Judicial District.

9.    Defendant has a continuous, systematic, and substantial presence within California and within this Judicial District.  The foregoing also forms a substantial part of the events or omissions giving rise to OBI's claims.

10.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §

1391(b) and (c) at least because Defendant resides in this Judicial District by virtue of being subject to personal jurisdiction within the Judicial District, and a substantial portion of the events complained of herein took place in this Judicial District.

<u>**ALLEGATIONS FOR ALL CLAIMS OF RELIEF**</u>

**1.    <u>OBI and Its Trademarks</u>**

11.    OBI is in the business of developing, marketing, selling, and distributing beverages.  OBI has achieved extensive exposure and widespread recognition of its ORANGE BANG® brand and its OLÉ® brand identified herein, through its extensive advertising and sale of its beverages.

12.    In 1981, long before the acts of Defendant complained of herein, OBI launched its line of beverages under the OLÉ® mark.  Since that time, OBI has been continuously engaged in the development, marketing, and sale of beverages in connection with the OLÉ® mark and other OLÉ-inclusive marks.  The OLÉ® line of drinks has grown to include multiple flavors, including fruit flavors.  Flavors of the OLÉ® line of drinks have included, for example, orange, punch, mango, melon, lemon, peach, raspberry, horchata, jamaica, and tamarindo, among other flavors. Some examples of the OLÉ® mark on OBI's beverage dispensers are shown below.

 

13.     OBI is also the owner of U.S. trademark registrations for its OLÉ®
marks, including the following:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| OLÉ | 3,315,078 | Cl. 32: Rice and milk-based beverages, namely horchata; and non-alcoholic and non-carbonated fruit juice beverages | 4/15/2004 | 10/23/2007 |
| Tamarindo OLÉ! | 3,619,438 | Cl. 32: Non-alcoholic fruit juice beverages | 9/15/2005 | 5/12/2009 |

-4-

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| OLÉ | 5,033,583 | Cl. 32: Non-alcoholic fruit and herbal juice, fruit-flavored drinks, herb-flavored drinks and concentrates therefor; milk-based and rice-based non-alcoholic drinks, namely, horchata, and concentrates therefor | 10/21/2005 | 9/6/2016 |
| JAVA HORCHATA OLÉ | 5,509,460 | Cl. 32: Horchata | 3/23/2017 | 7/3/2018 |

14.     Attached hereto as Exhibits 1–4 are true and correct copies of OBI's trademark registrations identified in Paragraph 13 of this Complaint, which are hereby incorporated by reference.  Collectively, those registrations and trademarks and the other OLÉ® marks identified above, including all common law rights therein, are referred to herein as the "OLÉ Marks."

15.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,315,078, 5,033,583, and 5,509,460 are incontestable.

16.     As a result of OBI's widespread, exclusive, and continuous use of its OLÉ Marks to identify its beverages, OBI also owns valid and subsisting common law rights in the OLÉ Marks.

17.     OBI has and continues to widely market and promote its OLÉ Marks by, for example, displaying the marks at point-of-sale by means of labels on beverage dispensers, store window signs, table signs, and the like.  OBI also promotes the OLÉ Marks on its website (www.orangebang.com).

18.     OBI's OLÉ® drinks are sold in multiple states, including in California, Arizona, and Nevada.  The OLÉ® drinks are sold through a variety of trade channels, such as restaurants, bars, convenience stores, gas stations, and grocery stores.

-5-

19.     The OLÉ® drinks have achieved substantial commercial success. There have been more than a billion individual servings of OLÉ® beverages purchased and consumed in the United States.

20.     OBI's OLÉ Marks are inherently distinctive marks as used in connection with OBI's beverages.  The OLÉ Marks do not describe or suggest any ingredient, quality, or characteristic of the beverages.

21.     As a result of OBI's substantial use and promotion of its OLÉ Marks, OBI has obtained common law rights in the marks, which are not only inherently distinctive, but have also acquired secondary meaning since long before the acts of Defendant claimed herein.  Customers in this Judicial District and elsewhere readily recognize the OLÉ Marks as distinctive designations of the origin of OBI's products offered under the marks.  The OLÉ Marks are intellectual property assets of enormous value as symbols of OBI and its quality, reputation, and goodwill.

**2.     <u>Defendant and Its Infringing OLÉ Marks and Products</u>**

22.     Defendant is in the business of producing, marketing, and selling beverages.  Defendant offers a line of beverages under OLÉ and OLÉ-formative marks (such as OLÉ COCKTAIL CO., OLÉ MOCKTAIL CO., OLÉ YOUR WAY. ALL DAY!, OLÉ ALL DAY COCKTAILS, and THE ANSWER IS ALWAYS OLÉ), including ready-to-drink cocktails and non-alcoholic "mocktails" (collectively, the "Infringing Goods").

23.      Defendant launched the Infringing Goods in the U.S. earlier this year.  According to Defendant's website (www.olecocktails.com), the Infringing Goods are currently sold at locations in California, Arizona, and Nevada, all which are states in which OBI's OLÉ® beverages are also sold.

24.     Upon information and belief, Defendant owns and operates the website www.olecocktails.com and maintains the Instagram accounts www.instagram.com/olecocktails,      www.instagram.com/olecocktails.us,      and

www.instagram.com/olemocktails, as well as the TikTok accounts www.tiktok.com/@olecocktails and www.tiktok.com/@olecocktails.us.

25.    Examples of Defendant's mocktail and cocktail beverages, which are fruit flavored and prominently display the infringing OLÉ mark on the cans and product packaging, are shown below.












26.     Defendant's infringing OLÉ mark is identical to OBI's OLÉ® mark. The term OLÉ is also the dominant portion of Defendant's OLÉ mark. For example, the words "Mocktail Co." or "Cocktail Co." that appear under the prominent OLÉ mark on the Infringing Goods, to the extent they form part of the mark, are in a very small font and virtually unnoticeable, and are also merely descriptive in nature.

Defendant also uses the infringing OLÉ mark on its own, without the words "Mocktail Co." or "Cocktail Co." For example, Defendant's website (https://olecocktails.com/en-us/) states: "Every can of Olé is made with real fruit juice and agave nectar—no artificial colors, sweeteners, or shortcuts" and "FIND OLÉ NEAR YOU."

27.    Defendant's products are identical to or highly related to OBI's products. The parties' products are both beverages. Moreover, both parties' beverages include fruit-flavors. For example, OBI's OLÉ® drinks include or have included flavors such as mango, orange, lemon, and melon, among other flavors. Defendant's Infringing Goods include drinks flavored with mango, orange juice, lime, and grapefruit.

28.    Defendant's Infringing Goods are sold through the same types of retail outlets through which OBI's products offered under the OLÉ Marks are sold, including through grocery stores and restaurants.

29.    Defendant launched the Infringing Goods in the United States with full knowledge of OBI's rights in its OLÉ Marks and in blatant disregard for those rights.

30.    Defendant is the owner of the following U.S. Trademark Applications: (i) No. 98/174728 ("the '728 Application") for OLÉ COCKTAIL CO in Class 33 for "alcoholic cocktail mixes; alcoholic cocktails"; (ii) No. 98/174732 ("the '732 Application") for OLÉ ALL DAY COCKTAILS in Class 32 for "concentrated fruit juices; fruit beverages and fruit juices; non-alcoholic cocktail mixes; non-alcoholic cocktails"; and (iii) No. 98/344651 ("the '651 Application") for OLÉ MOCKTAIL CO in Class 32 for "concentrated fruit juices; fruit beverages and fruit juices; non-alcoholic beverages containing fruit juices; non-alcoholic carbonated beverages; non-alcoholic cocktail mixes; non-alcoholic cocktails." All three of these Applications were rejected by the United States Patent and Trademark Office ("USPTO") as likely to cause consumer confusion with OBI's OLÉ® mark.

31.     With respect to the '728 Application, on May 8, 2024, the USPTO issued an Office Action rejecting the application on the basis that the OLÉ COCKTAIL CO mark was likely to cause confusion with OBI's registered OLÉ® mark.  Defendant thereafter attempted to unsuccessfully traverse that rejection.  On September 4, 2024, the USPTO issued a Final Office Action maintaining the rejection of the application over OBI's OLÉ® mark.  Defendant took no further action, and on January 3, 2025, the USPTO issued a Notice of Abandonment of the '728 Application.

32.     With respect to the '732 Application, on May 8, 2024, the USPTO issued an Office Action rejecting the application on the basis that the OLÉ ALL DAY COCKTAILS mark was likely to cause confusion with OBI's registered OLÉ® mark.  Defendant did not file a response to that Office Action and, on September 3, 2024, the USPTO issued a Notice of Abandonment of the '732 Application.

33.     With respect to the '651 Application, on August 15, 2024, the USPTO issued an Office Action rejecting the application on the basis that the OLÉ MOCKTAIL CO mark was likely to cause confusion with OBI's registered OLÉ® mark.  Defendant did not file a response to that Office Action and, on November 30, 2024, the USPTO issued a Notice of Abandonment of the '651 Application.

34.     Thus, Defendant had knowledge of OBI's OLÉ Marks at least by May 8, 2024, when the first of Defendant's applications were rejected based on OBI's OLÉ Marks.

35.     Despite the USPTO's repeated rejections of Defendant's OLÉ-formative marks on the basis of a likelihood of confusion with OBI's OLÉ Marks, on or around March 2025, Defendant launched the Infringing Goods in the United States, targeting three states, including California, the state in which OBI was founded, is headquartered, and has operated continuously for over forty years.

36.     On June 19, 2025, OBI sent Defendant a cease-and-desist letter

notifying Defendant that it was infringing OBI's OLÉ Marks and demanding that Defendant cease use of its infringing OLÉ marks. However, despite being notified of OBI's trademark rights and despite further discussions between the parties, Defendant has refused to cease use of the infringing OLÉ marks.

37.     Defendant, without permission or consent of OBI, has infringed OBI's OLÉ Marks in interstate commerce by making, using, promoting, advertising, selling, and/or offering to sell Defendant's Infringing Goods using OLÉ marks that are confusingly similar to OBI's OLÉ Marks.

38.     Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source, affiliation, connection, association, origin, sponsorship, or approval of the parties' respective goods.

39.     Defendant has a duty to avoid confusion with OBI and its marks because Defendant entered the market more than forty years after OBI. Nevertheless, Defendant has purposely sold, promoted, marketed, and/or distributed its Infringing Goods in a manner that causes a likelihood of confusion with OBI and its marks.

40.     By virtue of the acts complained of herein, Defendant has caused injury to OBI's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin of the parties' goods or the relationship between the parties' goods, and has otherwise competed unfairly with OBI by unlawfully trading on and using marks confusingly similar to OBI's OLÉ Marks without OBI's permission or consent.

41.     Defendant's acts complained of herein are willful and deliberate.

42.     Defendant's infringing acts are causing, and unless restrained, will continue to cause, damage and immediate irreparable harm to OBI and to its valuable reputation and goodwill with the consuming public, for which OBI has no adequate remedy at law.

# FIRST CLAIM FOR RELIEF

## (Trademark Infringement, Unfair Competition, and False Designation of Origin Under 15 U.S.C. § 1125(a))

43.    OBI hereby repeats, realleges, and incorporates by reference Paragraphs 1–42 of this Complaint as if set forth fully herein.

44.    As a result of the widespread use and promotion of OBI's OLÉ Marks as described herein, and since long before the acts of Defendant complained of herein, the OLÉ Marks have acquired secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the OLÉ Marks with OBI.

45.    Defendant's use of their infringing OLÉ marks is likely to cause confusion, cause mistake, and deceive consumers as to the affiliation, connection, or association of the parties' goods, or as to the origin, sponsorship, or approval of the parties' goods.

46.    Defendant's conduct as alleged herein constitutes trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a).

47.    Defendant had actual knowledge of OBI's prior ownership and prior use of the OLÉ Marks.  Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant and OBI.

48.    As a result of the foregoing, Defendant has damaged OBI in an amount to be determined at trial.

49.    Defendant, by its actions, has irreparably injured OBI.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of OBI's rights, for which OBI has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## (Trademark Infringement Under 15 U.S.C. § 1114)

50.     OBI hereby repeats, realleges, and incorporates by reference Paragraphs 1–49 of this Complaint as if set forth fully herein.

51.      OBI owns valid and enforceable federally registered trademarks for the OLÉ Marks, including, but not limited to, the registrations listed in Paragraph 13 above.  Those registrations were filed prior to the acts of Defendant complained of herein.

52.     Defendant has used in commerce, without permission from OBI, OLÉ marks which are colorable imitations of and/or confusingly similar to OBI's federally registered OLÉ Marks, in connection with the advertising, marketing, promoting, and/or sale of Defendant's Infringing Goods.

53.     Defendant's unauthorized use in commerce as alleged herein is likely to cause confusion or mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of the parties' goods, and is likely to cause consumers to believe, contrary to fact, that the parties are in some way affiliated with or sponsored by each other, when they are not.  Defendant's conduct therefore constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

54.     Defendant had actual knowledge of OBI's prior ownership and prior use of the OLÉ Marks.  Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the parties and their respective goods.

55.     Defendant, by its actions, has damaged OBI in an amount to be determined at trial.

56.     Defendant, by its actions, has irreparably injured OBI.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violations of OBI's rights, for which OBI has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(Cancellation of Trademark Registration Under 15 U.S.C. § 1119)**

57.    OBI hereby repeats, realleges, and incorporates by reference Paragraphs 1–56 of this Complaint as if set forth fully herein.

58.    This is a claim for cancellation of U.S. Trademark Registration No. 7,874,013 (the "'013 Registration") under 15 U.S.C. § 1119.

59.    The '013 Registration is for the mark OLÉ ALL DAY COCKTAILS for "alcoholic beverages except beers" in Class 33.  The '013 Registration was filed on April 16, 2021, lists a date of first use in U.S. commerce of March 1, 2025, and registered on July 29, 2021.  The '013 Registration lists Defendant as the owner.

60.    Since prior to the filing of the '013 Registration, OBI has continuously used and promoted its OLÉ Marks in interstate commerce in connection with its beverages.  By virtue of OBI's continuous and substantial use and promotion of the OLÉ Marks, the marks have become an identifier of OBI and its products and distinguish OBI's products from those of others.  OBI has built up significant and valuable goodwill in its OLÉ Marks.  In addition to its common law rights, OBI relies on its U.S. Trademark Registrations, as listed in Paragraph 13, for this cancellation claim.

61.    OBI will be damaged by the continued registration of the '013 Registration because the OLÉ ALL DAY COCKTAILS mark is confusingly similar to OBI's OLÉ Marks.  The OLÉ ALL DAY COCKTAILS mark, which incorporates OBI's OLÉ® mark in its entirety, when used in connection with the goods identified in the '013 Registration, is likely to cause confusion, cause mistake, and deceive consumers as to the affiliation, connection, or association of the parties' goods, or as to the origin, sponsorship, or approval of the goods offered under the parties' respective marks.  In addition, the goods covered by the '013 Registration, which include beverages, are related to OBI's beverages in connection with which OBI uses its OLÉ Marks.  Thus, the continued registration of the OLÉ ALL DAY

COCKTAILS mark in connection with the goods identified in the '013 Registration is likely to cause confusion, or to cause mistake, or to deceive.

62.     In view of the foregoing, the '013 Registration should be cancelled pursuant to 15 U.S.C. § 1119.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under California Business & Professions Code §§ 17200 et seq.)

63.     OBI hereby repeats, realleges, and incorporates by reference Paragraphs 1–62 of this Complaint as if set forth fully herein.

64.     This is a claim for unfair competition under Cal. Bus. & Prof. Code §§ 17200, et seq.

65.     By virtue of the acts complained of herein, Defendant has caused a likelihood of confusion among consumers and the public and has unfairly competed with OBI in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.  For example, Defendant has engaged in unlawful, unfair, or fraudulent business acts or practices by using marks confusingly similar to OBI's OLÉ Marks and that are likely to cause confusion among consumers.

66.     Defendant, by its actions, has irreparably injured OBI.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violations of OBI's rights, for which OBI has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

67.     OBI hereby repeats, realleges, and incorporates by reference Paragraphs 1–66 of this Complaint as if set forth fully herein.

68.     Defendant's acts complained of herein constitute unfair competition under the common law of the State of California.

69.     By virtue of the acts complained of herein, Defendant has willfully and

intentionally caused a likelihood of confusion among the purchasing public.

70.     Defendant's aforementioned acts have damaged OBI in an amount to be determined at trial.

71.     Defendant, by its actions, has irreparably injured OBI.   Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violations of OBI's rights, for which OBI has no adequate remedy at law.

72.     Defendant's willful acts of unfair competition under California common law constitute fraud, oppression, and malice.   Accordingly, OBI is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

## **PRAYER FOR RELIEF**

WHEREFORE, OBI prays for judgment in its favor against Defendant for the following relief:

A.     That the Court render a final judgment in favor of OBI and against Defendant on all claims for relief alleged herein;

B.     That the Court render a final judgment that Defendant has willfully violated 15 U.S.C. § 1125(a) by using Defendant's infringing OLÉ marks in connection with the marketing, promotion, offering to sell, and sale of Defendant's Infringing Goods;

C.     That the Court render a final judgment that Defendant has willfully violated 15 U.S.C. § 1114 and infringed OBI's federally registered OLÉ Marks by using Defendant's infringing OLÉ marks in connection with the marketing, promotion, offering to sell, and sale of Defendant's Infringing Goods;

D.     That the Court order the United States Patent and Trademark Office to cancel and refuse registration of Defendant's U.S. Trademark Registration No. 7,874,013 pursuant to 15 U.S.C. § 1119;

E.     That the Court render a final judgment that Defendant has willfully unfairly competed with OBI in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

-16-

F.     That the Court render a final judgment that Defendant has willfully unfairly competed with OBI in violation of the common law of the State of California and is guilty of oppression, fraud, and/or malice;

G.     That Defendant, its agents, servants, employees, attorneys, successors, affiliates, and assigns, and all those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

i.     using the OLÉ mark or other OLÉ-inclusive marks ("the Infringing Marks") in connection with the advertising, promotion, offering for sale, or sale of any of Defendant's products and/or services; using any of OBI's OLÉ Marks in connection with any of Defendant's products and/or services; and/or using any confusingly similar variations of any of OBI's OLÉ Marks in any manner that is likely to cause confusion, cause mistake, and deceive consumers as to the affiliation, connection, or association of the parties' products and/or services, or as to the origin, sponsorship, or approval of the parties' products and/or services;

ii.     manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third-party to manufacture, distribute, provide, sell, market, advertise, or promote any unauthorized products bearing any of the Infringing Marks and/or any other marks confusingly similar to OBI's OLÉ Marks;

iii.     otherwise infringing any of OBI's OLÉ Marks;

iv.     engaging in any activity that constitutes unfair competition with OBI;

v.     falsely designating the origin of Defendant's products and/or services;

vi.     making or displaying any statement, representation, or depiction that is likely to cause confusion, cause mistake, or deceive consumers as to

-17-

the affiliation, connection, or association of the parties' products and/or services, or as to the origin, sponsorship, or approval of the parties' products and/or services;

vii.    filing or maintaining any applications for registration for the Infringing Marks or any other trademarks confusingly similar to OBI's OLÉ Marks; and

viii.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i)-(vii);

H.    That Defendant be directed to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating any of the Infringing Marks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of OBI's OLÉ Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods and/or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials, featuring or bearing any of the Infringing Marks, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of OBI's OLÉ Marks, to immediately remove such items from public access and view;

I.    That OBI be awarded all actual damages to which it is entitled, including an amount up to three times the amount of its actual damages in accordance with 15 U.S.C. § 1117(a);

J.    That Defendant be directed to account and pay over to OBI all profits realized by Defendant's wrongful acts complained of herein, including as enhanced

by the Court as appropriate in accordance with 15 U.S.C. § 1117(a);

K.    That Defendant be ordered to pay OBI exemplary damages pursuant to Cal. Civ. Code § 3294(a);

L.    That the Court award OBI its costs and reasonable attorneys' fees, including declaring this an exceptional case pursuant to 15 U.S.C. § 1117(a);

M.    That the Court award OBI interest, including prejudgment and post-judgment interest, on the foregoing sums;

N.    That Defendant be directed to deliver and destroy all unauthorized materials bearing any of the Infringing Marks, or any other marks found to infringe OBI's OLÉ Marks, pursuant to 15 U.S.C. § 1118; and

O.    That OBI be awarded such other and further relief as the Court deems just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: September 11, 2025    By: */s/ Matthew S. Bellinger*
                                    Matthew S. Bellinger
                                    Hans L. Mayer
                                    Matthew J. Petersen

                                    Attorneys for Plaintiff,
                                    ORANGE BANG, INC.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Orange Bang, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 11, 2025    By: */s/ Matthew S. Bellinger*
                                    Matthew S. Bellinger
                                    Hans L. Mayer
                                    Matthew J. Petersen

Attorneys for Plaintiff,
ORANGE BANG, INC.

-20-